No. 55229.—Overseas Commerce Corp. and R. Neumann & Co. v. United States, protests 141515–K and 141509–K (New York).

Opinion by Mollison, J. In accordance with stipulation of counsel that the merchandise consists of ostrich skins the same in all material respects as those the subject of Abstract 54236, the claim for free entry under paragraph 1765 was sustained.

No. 55230.—Fleming-Joffe, Ltd. v. United States, protests 133607–K, etc. (New York).

Opinion by Mollison, J. In accordance with stipulation of counsel that the merchandise consists of reptile skins the same in all material respects as those passed upon in *Fleming-Joffe, Ltd.* v. *United States* (25 Cust. Ct. 56, C. D. 1263), the claim for free entry under paragraph 1765 was sustained.

No. 55231.—C. H. Powell Co., Inc. v. United States, protests 95153–K, etc. (New York).

Opinion by Mollison, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

No. 55232.—Leonard Freedman & Sons et al. v. United States, protests 133619–K, etc. (New York).

Opinion by Mollison, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

No. 55233.—American Oak Preserving Co. et al. v. United States, protests 161068–K, etc. (New York).

Opinion by Mollison, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

Before the Third Division, February 8, 1951

No. 55234.—M. Pressner & Co. v. United States, protest 154664–K (New York).

Opinion by Ekwall, J. It was stipulated that the Federal Reserve bank certified dual rates of exchange for the currency involved in the liquidation of the entry for the date of exportation of the merchandise covered by the entry and that the circumstances relating to the liquidation of the said entry are similar in all material respects to those in Abstract 54732. In view of this stipulation and following the cited decision it was held that the currency of the invoice should have been

converted in the manner directed by the judgment of this court in said Abstract 54732, in accordance with Bureau of Customs Circular Letter No. 2675, dated October 19, 1949.

No. 55235.—Stanley Korshak, Inc. v. United States, protest 149620–K/2214 (Chicago).

Opinion by EKWALL, J.  It was stipulated that the Federal Reserve bank certified dual rates of exchange for the currency involved in the liquidation of the entry for the date of exportation of the merchandise covered by the entry and that the circumstances relating to the liquidation of the said entry are similar in all material respects to those in Abstract 54732.  In view of this stipulation and following the cited decision it was held that the currency of the invoice should have been converted in the manner directed by the judgment of this court in said Abstract 54732, in accordance with Bureau of Customs Circular Letter No. 2675, dated October 19, 1949.

No. 55236.—Anglo Oriental Importing & Rug Co. et al. v. United States, protests 121095–K, etc. (New York).

Opinion by EKWALL, J.  It was stipulated that the merchandise consists of rugs and carpets exported from Iran between the dates of December 21, 1939, and September 26, 1941, and that the merchandise and issues are similar in all material respects to those involved in Abstract 54056.  In accordance with stipulation of counsel, the collector was directed to reliquidate the entries, converting the currency of the invoices, Iranian rials, to United States dollars at the rate of $0.053475 as to all items, except such as were exported for the benefit of drawback.

No. 55237.—Wm. Jameson & Co., Inc., et al. v. United States, protests 41217–K, etc. (Cleveland).

Opinion by EKWALL, J.  For the reasons stated in Austin, Nichols & Co., Inc. v. United States (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiffs was sustained.

BEFORE THE FIRST DIVISION, FEBRUARY 13, 1951

No. 55238.—A. S. Samper & Co. v. United States, petition 6747–R (New York).

Opinion by MOLLISON, J.  At the trial it was disclosed that the twine involved was invoiced and entry was made at 17 cents per pound, following advice from the appraiser; that subsequently, upon later advice from the examiner, the entry was amended to a basis of 17½ cents per pound; and that appraisement was made at a value of 18 cents per pound.  It subsequently developed that the